UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD KEARNEY,

                          Plaintiff,

v.

NEW YORK STATE DEPARTMENT
OF CORRECTIONS, COMMISSIONER
BRIAN FISCHER, JOSEPH F. HALUSKA,
SUPERINTENDENT DAVID NAPOLI
AND DEPUTY SUPERINTENDENT
MARILYN BRIDGE,

                          Defendants.

Case # 10-CV-6202-FPG

DECISION AND ORDER

*Pro se* Plainitff Richard Kearney alleges a violation of his civil rights under the Eight Amendment, violations of Title 42, United States Code, Section 1983, and violations of his rights under the Americans with Disabilities Act ("ADA"). The Plaintiff has moved for the appointment of counsel and for this Court to be recused from further consideration of this case. For the reasons stated below, the applications are denied.

## BACKGROUND

The Plaintiff filed his *pro se* Complaint on April 8, 2010. Dkt. #1. He alleges that prison officials confiscated his metal knee brace and failed to provide him with an alternative to assist him with maneuvering with at least one injured knee. The Plaintiff also filed his first application for appointed counsel on April 8, 2010, which was denied by United States District Judge Charles J. Siragusa. Dkt. ##3, 9.

On October 19, 2012, Judge Siragusa also denied the Defendant's Motion for Summary Judgment. Dkt. #30. On November 1, 2012, the Plaintiff filed his second request for the appointment of counsel, which was granted on November 30, 2012 by Judge Siragusa. Dkt. ##31, 33. Bruce Goldstein, a Buffalo attorney who specializes in cases involving the ADA was appointed to represent the Plaintiff, and the case was ultimately transferred from Judge Siragusa to me on January 11, 2013.

On May 1, 2013, Mr. Goldstein withdrew from the case. On June 18, 2013, the Court appointed Rochester attorney Michael Harren to represent the Plaintiff *pro bono*. Dkt. #37. Mr. Harren is a very experienced trial lawyer who has handled many similar cases over the years.

On July 22, 2013, Mr. Harren wrote to the Court, advising me that he had written to the Plaintiff to introduce himself, reviewed Judge Siragusa's summary judgment decision, and also reviewed the docket entries. Mr. Harren requested time to review the discovery material and asked that a status conference be set for September or October of 2103. Dkt. #38. The Court granted the applications.

On September 25, 2013, Mr. Harren requested additional time to review the subject materials and to meet and speak with the Plaintiff. Dkt. #40. The Court again granted the application, and set a status conference for December 2, 2013. Prior to the status conference on November 20, 2013, the Plaintiff sent a letter to the Court asking that Mr. Harren be relived as *pro bono* counsel. Dkt. #41.

At the December 2, 2013 status conference, the Plaintiff again stated that he did not want Mr. Harren to represent him. The Court notified the Plaintiff that there was no basis to remove Mr. Harren and if he wished to have him relieved, that Plaintiff would then proceed *pro se*. On December 9, 2013, Mr. Harren notified the Court that he needed more time in order to confer

with the Plaintiff about the case and his representation. The Court adjourned the status conference to January 9, 2014. Dkt. #43.

Mr. Harren appeared on January 9, 2014, and advised the Court that he made several attempts to contact the Plaintiff, but Plaintiff did not respond to him. Additionally, counsel traveled to the correctional facility where the Plaintiff was housed, but Plaintiff would not meet with him, alleging that he was doing research in the law library. Mr. Harren indicated that he had been unable to have any contact with the Plaintiff and requested to be relieved as *pro bono* counsel. The Court granted that application. Dkt. #45.

A pre-trial conference was scheduled for March 24, 2014 and a jury trial was set for April 24, 2014. The Plaintiff was notified that the Court would not assign him new *pro bono* counsel. During a video status conference on April 1, 2014, Plaintiff once again requested the appointment of *pro bono* counsel, and objected when the Court denied his application. On April 4, 2014, the Plaintiff filed yet another application for the appointment of counsel and also requested that the Court recuse itself from further consideration of this matter.

## DISCUSSION

The Plaintiff's sole basis for seeking the Court's recusal in this case is his disagreement with the Court's decision to not assign him new *pro bono* counsel. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

In this case, the Court appointed very experienced *pro bono* counsel to represent the Plaintiff, but Plaintiff elected not to cooperate with that attorney. Although counsel attempted numerous times to get in contact with the Plaintiff, he never responded. After counsel traveled to

3

the correctional facility where the Plaintiff was housed, he refused to meet with him, and stated that he was busy doing his own research at the prison law library.

In short, the Plaintiff elected not to cooperate with his previously appointed *pro bono* counsel after the Court warned him that if Mr. Harren were relived, he would have to proceed *pro se*. Now that Mr. Harren has been relieved, it is up to Plaintiff to litigate this action *pro se*.

I would also note that in this case, Plaintiff filed a very articulate complaint, and has also filed a statement of the case, suggested *voir dire* questions, a witness list, and an exhibit list. Plaintiff also has experience litigating his claims, having filed multiple actions in the Western, Eastern and Northern Districts of New York, and the Second Circuit. In fact, one matter was just recently dismissed in the Northern District of New York. *See Kearney v. N.Y.S. D.O.C.S*, No. 11-CV-1281, 2013 WL 5437372 (N.D.N.Y. Sep. 27, 2013).

The Court has had the opportunity to observe the Plaintiff during at least two video conferences. He is intelligent and articulate, he clearly understands the process, and is quite capable of representing himself in this action, where his claims are straightforward. As such, the Court finds that *pro bono* counsel is not warranted under the standards set forth by the Second Circuit. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

While the Plaintiff disagrees with the Court's decision to not appoint him new *pro bono* counsel, disagreements with the Court's rulings are not a basis for recusal.

## CONCLUSION

Plaintiff's application for the appointment of new pro bono counsel is DENIED, and his application for the Court to recuse itself (Dkt. #55) is also DENIED. Jury selection will commence on April 21, 2014 at 8:30 a.m. as previously scheduled.

IT IS SO ORDERED.

DATED:     April 8, 2014
           Rochester, New York

                                    _____
                                    HON. FRANK P. GERACI, JR.
                                    United States District Judge